Mr. Chief Justice Sharkey
delivered the opinion of the court.
This action was brought by Shirley against the makers and indorsers of an instrument in the following words, to wit:
“ Vicksburg, May 24th, 1837.
“ Twelve months after date we promise to pay to the order of A. G. McNutt the sum of ten thousand dollars, in notes of the banks of the state of Mississippi, value received, payable and negotiable in any bank in the state of Mississippi.
L. A. Besancon,
Th. J. Haliday.”
Much of the argument is based upon the position that this is not a promissory note; but' this position we conceive to be untenable. The statute seems to have been designed to place all written promises to pay money, or other specific thing, on the same footing ; they are all made negotiable by assignment, (How. & Hutch. Dig. 373, § 12,) and alike evidence of an indebtedness. Ib. 594, § 25. In Rankin v. Sanders, 6 How. 52, a note for §495, payable in cotton, at twelve cents per pound, was decided to be a promissory note. See also Bonnell v. Covington, 7 How. 322; Gordon v. Parker, 2 S. & M. 485; Keith v. Jones, 9 Johns. R. 120. The action then was properly brought, as on a promissory note, against the makers and indorsers, jointly, according to the statute, How. & Hutch. Dig. 595, § 33.
The defendants first pleaded the general issue, on which issue was taken, and afterwards three pleas of tender, to which the plaintiff demurred. The first question raised is as to the judgment on demurrer ; it is said to be too general; that it does not appear whether it was sustained to the declaration, or to the pleas, or to which party leave was given to amend. The *463 judgment on the demurrer seems to be sufficiently certain; it sustains the demurrer, and as the demurrer was to the pleas, it was a judgment that the pleas were bad. A general judgment sustaining a demurrer extends and applies only to the pleadings demurred to. The pleas were defective, and the declaration was not. The pleas did not aver a continual state of readiness to pay, and, without looking to other objections, this was sufficient. Lannier v. Trigg, 6 S. & M. 641.
But the further question arises, whether the judgment goes far enough to meet the requirements of the statute. When a demurrer to a plea is sustained, the judgment must be respondeat ouster, and the defendant shall be compelled to plead the merits. How. & Hutch. Dig. 615, § 8. Instead of rendering the judgment formally in that way, the court gave judgment sustaining the demurrer, and gave leave to amend. This was giving the party all the benefit which he could have claimed under a technical judgment of respondeat ouster ; perhaps it was giving him more, for general leave to amend is more comprehensive than respondeat ouster. But queers, does the statute apply where the party has filed one good plea, to which there is an issue ? It would seem to have been designed to moderate the rigor of the common law, which, in such cases, entitled the plaintiff to judgment.
It is insisted in the next place that, even supposing the instrument to be a promissory note, still the declaration does not aver such a presentment as would bind the indorser. The declaration avers a presentment at the office of the Commercial and Railroad Bank in Clinton. The note was made payable and negotiable at any bank in Mississippi. We cannot limit or modify the contracts of parties. We know of no rule which required the holder to notify the makers in what particular bank he would place the note, and if payment was demanded at any bank in the state it would seem to be sufficient. Mason and Smedes v. Franklin, 3 Johns. 202; Chitty on Bills, 333. It would be much more reasonable to require the maker of such a note to give notice to the holder that he would make payment at a particular bank. The only question in such a case is, was *464 it presented at a bank, and we think the court correctly refused to charge that a demand of payment at a branch bank was insufficient.
Another objection is, that the court erred in overruling the motion for security for costs. In making the motion the statute seems to have been strictly complied with, and the motion was passed, not abandoned, or withdrawn. The statute is imperative, that on failure to give security, the suit shall be dismissed. There is no other way of enforcing this law, if the circuit courts will disregard it, but by reversing the judgment. But a sixty day note is granted in such cases, and the case cannot be dismissed without allowing the benefit of that rule. Judgment reversed, and cause remanded, with directions that security for costs be given according to law.
Mr. Justice Thacher, having been of counsel below, gave no opinion.